# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 1:17-CR-13 (WLS-ALS) |
| | : | |
| JARRON SMITH, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

On September 24, 2025, the Court held a hearing on the United States Probation Office's Petition ("the Petition") (Doc. 418) to revoke Defendant Jarron Smith's ("Defendant") supervised release. Previously, Defendant pleaded guilty to Count I of the Superseding Information (Doc. 363), which charged him with Conspiracy to Possess with Intent to Distribute Methamphetamine. Defendant was sentenced on April 19, 2019, to a period of 96 months' imprisonment and a period of three years supervised release.

Defendant's supervised release began on October 4, 2023. On March 27, 2025, the United States Probation Office ("USPO") petitioned the Court for a warrant or summons. (Doc. 418). The Petition alleges that Defendant violated the conditions of his supervised release on two (2) occasions.

At the revocation hearing, Defense Counsel acknowledged that Defendant had been provided with a copy of the Petition for revocation and that Defendant had reviewed it with Counsel. The Court advised Defendant of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify. Defendant was also advised that he was not required to testify or present a defense and whether he would testify, consistent with his right to do so, was his decision—all of which Defendant acknowledged he understood. The Court also confirmed from Defendant that he had received the Petition (Doc. 418) and Revocation Report (Doc. 434) and reviewed them. Defendant stated he had spoken to Counsel about the Petition and wished to admit to one of the violations, believing the Government could prove that violation by a preponderance of the evidence. Accordingly,

the Court found that Defendant freely, knowingly, and voluntarily waived his right to a hearing and Defendant stipulated to Violation II.

At the hearing, the Government amended Violation I of the Petition by reducing the alleged aggravated assault to a battery under O.C.G.A. § 16-5-23.1, without objection. The Court then heard evidence from a witness and arguments from counsel for the Government and Defense regarding Violation I. The Court found that Violation I of the Petition, as amended, had not been established by a preponderance of the evidence.

The Court determined Smith's U.S. Sentencing Guidelines range to be 8 to 14 months based on a Grade C violation (Violation II) and a criminal history category of VI. Considering the totality of circumstances and the 18 U.S.C. §§ 3553(a) and 3583(e) factors, the Court declined to revoke Smith's supervised release. For these reasons, the Petition (Doc. 418) is **DENIED**. Defendant will remain on supervised release under the terms and conditions as originally set forth by the Court at sentencing.

**SO ORDERED**, this 26th day of September 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**